U.S. v. Juan Carlos Aponte Tolentino,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**Juan Carlos Aponte Tolentino**,
Defendant.

CRIMINAL NO. *24-261(GMM)*

*Received & Filed*
*August 7, 2024*
*9:42 AM*
*UF*

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Juan Carlos Aponte Tolentino, and Defendant's counsel, Carlos Chevere, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to waive indictment by a Grand Jury and plead guilty to Count One of the Criminal Information filed in this case:

Count One:  Conspiracy to restrain trade by fixing prices.

### 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of ten years pursuant to 15 U.S.C. § 1; a fine not to exceed the greater of one million dollars pursuant to 15 U.S.C. § 1,

or the greater of twice the gross pecuniary gain or twice the gross pecuniary loss pursuant to 18 U.S.C. § 3571(d); and a supervised release term of not more than three years pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Sections 2R1.1(c)(1) and 5E1.2 of the Guidelines, order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

The Government does not oppose a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. The Government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offenses; (c) gives conflicting statements about his involvement in the offenses; (d) is untruthful with the Court, the Government, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

U.S. v. Juan Carlos Aponte Tolentino,

The Government will not oppose an additional two-level downward adjustment if the Defendant meets the criteria listed in U.S.S.G. § 4C1.1(a).

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant, and the United States reserves the right to argue for additional enhancements that may apply at the time of sentencing. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 15 U.S.C. § 1 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2R1.1 | | | | 12 | |
| Volume of Commerce more than $100,000,000 U.S.S.G. § 2R1.1(b)(2)(D) | | | | +8 | |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL (prior to any potential adjustment under section 4C1.1)** | | | | **17** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

**8. Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment within the applicable Guidelines range at a total offense level of 15 if the Court determines the Defendant meets the criteria listed in U.S.S.G.

§ 4C1.1(a), and otherwise an offense level of 17, when combined with the criminal history category determined by the Court.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range calculated by the Court, when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for a variance under 18 U.S.C. § 3553 that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will then be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Carlos Chevere, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the court agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it must consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the Department of Justice Antitrust Division and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement and any accompanying supplement filed with the Court (collectively, the "Plea Agreement"), constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in the Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement including the failure to tender such agreement to the Court; (b) engages in any criminal activity prior to sentencing, including making false or misleading statements before the Court or to any agents of the United States; or (c) attempts to withdraw Defendant's guilty plea after pleading guilty to the charges identified in paragraph One above. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted. In the event of such a breach the United States will also be free to take whatever position it believes appropriate as to the sentence and the conditions of the

Defendant's release (for example, should the Defendant commit any conduct after the date of this agreement that would form the basis of an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Office, or the Court – the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding the accompanying Stipulation of Facts for Guilty Plea.

**20. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**21. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will

be recognized as a felony conviction, which will result in the loss of certain rights,

including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

Jonathan S. Kanter
Assistant Attorney General for the
Antitrust Division
By:

_____
April Ayers-Perez
Alison Friberg
John Davis
David Taylor Bernhardt
Trial Attorneys
Dated: 07/23/2024

_____
Carlos Chevere, Esq.
Counsel for Defendant
Dated: 7/31/2024

_____
Juan Carlos Aponte Tolentino
Defendant
Dated: 7/31/2024

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/21 2024

Juan Carlos Aponte Tolentino
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/21/2024

Carlos Chevere, Esq.
Counsel for Defendant

U.S. v. Juan Carlos Aponte Tolentino,

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Juan Carlos Aponte Tolentino admits that Defendant is guilty as charged in the Information and admits that the Government could prove beyond a reasonable doubt the following facts:

*At all times relevant to this Plea Agreement, the Defendant knowingly entered into and engaged in a conspiracy with certain of his horizontal competitors to suppress and eliminate competition by fixing prices for steel products, including rebar products, distributed to hardware stores, contractors, and other businesses and individuals in the District of Puerto Rico. Specifically, from at least as early as January 2015 until in or about November 2022, in the District of Puerto Rico and elsewhere, the Defendant, through his company, Company A, conspired and agreed with his competitors, Individual 1, Company D, Individual 2, and Individual 3, and others, to fix prices in the steel industry in the District of Puerto Rico, and elsewhere. The purpose of this conspiracy to fix prices was for the Defendant and his co-conspirators to gain and maintain the power to control prices and to charge customers anticompetitive, higher prices for steel products.*

*Starting at least as early as January 2015, the Defendant, Individual 1, Company 3, Individual 2, and Individual 3 conspired to fix prices for steel products in the District of Puerto Rico. The Defendant communicated with Individual 1 and Individual 2 about fixing prices and agreed to fix prices on steel products, specifically on rebar products. The Defendant, Individual 1, Company 3, Individual 2, and Individual 3 communicated about prices, anticipated price increases and changes in prices for rebar products.*

USAO-DPR-Plea Agreement

U.S. v. Juan Carlos Aponte Tolentino,

For example, in 2015 the Defendant and Individual 1 exchanged a chat message about rebar prices in which the Defendant asked "what price do I put that?" and Individual 1 responded, "25.50?". Again in December 2017 the Defendant sent Individual 1 a picture of a sticky note with hand-written prices on it. In December 2020 Individual 1 sent the Defendant the price of Turkish rebar, with the Defendant responding, "The position is the following: Platform $33.95, 10 bundles $34.50, Fewer than 10 bundles: $34.95" before asking, "The question is are we on the same page?" Individual 1 responded, "Yes, that is what I am doing."

In March 2019 the Defendant sent Individual 3 a message telling him not to forget the price of rebar was at $34.90 cwt and matching the Dominican price. In October 2020 the Defendant sent Individual 3 another message saying, "Look you are hurting the market at $30.50cwt when you can sell it at $32.50cwt…" Again, in March 2022 the Defendant noted to Individual 3 the new restriction on rebar because of the war in Ukraine, and told Individual 3 "We are working towards finding other sources of the supply. Now while the axe comes and goes, we will restrict it. The price for pick up is $54.00qq. Delivery is $54.74qq, subject to availability, credit verification." Individual 3 responded, "I will raise the price like you." In August 2022 the Defendant told Individual 3 "Do not lower rebar anymore. Please go with the same if you want and let the client decide."

To carry out the conspiracy defined above, the Defendant, Individual 1, Company 3, Individual 2, and Individual 3 spoke in person, over the phone, via text message, and via WhatsApp chat messages to agree on their prices. Their communications in furtherance of the conspiracy defined above took place from at least January 2015 until on or about November 2022.

U.S. v. Juan Carlos Aponte Tolentino,

The above-defined conspiracy to fix prices occurred within the flow of, and substantially affected, interstate trade and commerce among the several states. For instance, the Defendant and his co-conspirators engaged in activities including: (1) purchased and sold steel products, including rebar products, from and to entities and individuals in Puerto Rico and globally, (2) made payments for purchased products to traders and sellers outside the Commonwealth of Puerto Rico, and (3) imported trade and commerce from foreign nations.

The volume of commerce attributable to the Defendant related to the conspiracy was more than $100,000,000, but less than $300,000,000.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Juan Carlos Aponte Tolentino is guilty as charged in Count One of the Information.

April Ayers-Perez
Alison Friberg
John Davis
David Taylor Bernhardt
DOJ Trial Attorneys
Dated: 07/23/2024

Carlos Chevere, Esq.
Counsel for Defendant
Dated: 7/21/2024

Juan Carlos Aponte Tolentino
Defendant
Dated: 7/21/2024